## Clyde K. EMERY, Jr., Petitioner— Appellant,

v.

## Frankie Sue DEL PAPA; et al., Respondents—Appellees.

### No. 03–17017.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

John Lanahan, Esq., San Diego, CA, for Petitioner–Appellant.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Clyde Emery, Jr., appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his Nevada conviction and suspended sentence for embezzlement. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

Emery argues that the district court should have offered him the opportunity to stay his mixed habeas petition so that he could return to state court to exhaust his unexhausted claims. We review the district court's decision to grant or deny a "stay and abeyance" of the § 2254 petition for an abuse of discretion. *Rhines v. Weber*, — U.S. —, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005).

When the district court found that the petition was mixed, it offered Emery the opportunity to exercise his options under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and offered an administrative closure procedure, that was equivalent to a stay and abeyance. Despite two opportunities to choose the administrative closure procedure and the district court's warnings that it would dismiss the petition if he failed to elect an option, Emery failed to make an election and thus allowed the district court to dismiss the petition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We decline to expand the COA to consider whether Emery fairly presented his sufficiency of the evidence and due process claims to the Nevada Supreme Court and thus exhausted them as federal claims. Reasonable jurists would not find the district court's assessment of the claims to be debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 337–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

AFFIRMED.